IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:                )
                                 )      CASE NO. BK10-40187
MILTON DOUGLAS WIDICK &          )
ROBIN CARLOTTA WIDICK,           )      CHAPTER 13
                                 )
            Debtor(s).           )

ORDER

Hearing was held on July 15, 2019, on the debtors' motion for order to show cause (Fil. No. 127) and resistance by the United States of America on behalf of the Internal Revenue Service (Fil. No. 131). Richard Register appeared for the debtors, and Douglas R. Semisch appeared for the United States.

The motion is denied.

The debtors filed this motion to challenge the IRS's post-discharge seizure of tax refunds and Social Security payments to collect post-petition interest when the underlying taxes and penalties were paid in full through the confirmed Chapter 13 plan.

The parties submitted the following stipulated facts:

1. Milton Douglas Widick and his wife Robin filed a Chapter 13 bankruptcy on January 25, 2010.

2. At the time of the filing, the debtors owed income taxes for 1999, 2000, 2002, 2007, 2008, and 2009.

3. After the filing of the bankruptcy, the IRS properly made an assessment against Milton Widick as a responsible person for civil penalties/trust fund taxes under 26 U.S.C. § 6672.

4. In March and April 2010, the debtors late-filed with the IRS their personal tax returns for years 2007-2008 and timely filed their return for 2009.

CLAIMS PROCESS

5. The IRS participated in the claims process by submitting an original and three amended proof of claims. (See Claim #11 in the claims register.) The first IRS proof of claim (Claim No. 11-1) was filed on April 15, 2010. The final amended claim (Claim No. 11-4) was filed on September 21, 2011. This was eight months after the debtors' Fourth Amended Plan (Fil. No. 61) was filed and four months after an order was entered confirming the Fourth Amended Plan. (Fil. No. #78).

6. The first three proof of claims filed by the IRS included only income taxes. The Fourth Amended Proof of Claim added the trust fund taxes for the third and fourth quarters of 2008. These trust fund taxes were not assessed until July 4, 2011, so there was no pre-petition interest due on same. The Fourth Amended Proof of Claim also included a § 1305 claim for post-petition trust fund taxes for the second and third quarters of 2010.

7. The breakdown of the Fourth Amended Proof of Claim was: (a) a secured claim of $3,385.00 for individual income taxes for tax year 2002; (b) a priority claim for 2007-2009 income taxes, 2008 trust fund taxes, and a §1305 claim for 2010 trust fund taxes; and (c) an unsecured claim for 2000 income taxes.

8. On December 19, 2011, the IRS filed a motion to allow claims as amended (Fil. No. 87) which the debtors initially resisted on January 9, 2012 (Fil. No. 88), but the debtors withdrew that resistance on March 5, 2012 (Fil. No. 94). The IRS motion was approved on March 6, 2012 (Fil. No. 95). This was ten months after the Fourth Amended Plan was confirmed, but three months after IRS Claim No. 11-4 was filed.

## PLAN CONFIRMATION

9. The Fourth Amended Plan (Fil. No. 61) was confirmed May 24, 2011 (Fil. No. 78). That plan provided for the priority claim of the IRS in the amount of $9,837.76. This was the priority amount listed in IRS Claim No. 11-3 which included $185.76 of pre-petition interest. The plan did not provide for interest on the priority claim of the IRS. That plan was modified by the Trustee's motion to reconcile the plan with claims (Fil. No. 79), which was granted on November 8, 2011 (Fil. No. 83).

10. The IRS did not object to the plan or the reconciliation. The debtors did object to the Trustee's motion to reconcile on November 8, 2011 (Filing #84). This objection indicated: "The debtor acknowledges that the plan payments will need to be increased to deal with a higher claim amount for the IRS; however, the debtor has been working to try and determine the correct amount for the secured and priority parts of the IRS claim. When that issue is resolved, the correct amount can be included in the amended plan." However, the debtors never did file another amended plan after that date.

## PAYMENTS UNDER THE PLAN

11. The claim for the secured part of the claim was paid through the Chapter 13 trustee on March 17, 2013 in the proof of claim amount of $3,485. The Trustee's final report and account indicates no interest was paid on the secured claim.

12. The priority claim was split between pre-filing priority taxes and post-petition priority taxes, and those were paid $19,369.17 and $8,285.24 on February 20, 2016, according to the Trustee's final report filed May 23, 2016. This was the amount of the priority claim portion of IRS Claim No. 11-4 which was approved. As only the proof of claim amount was paid, no post-petition interest was paid by the Trustee.

13. $19.00 of the general unsecured 2000 taxes were also paid as the IRS pro rata share of the plan payments.

14. The IRS has acknowledged that the 2007 and 2008 income taxes and pre-petition interest were paid in full through the Chapter 13 plan.

15. The IRS has acknowledged that the 2008 and 2010 civil penalties as claimed in Claim No. 11-4 were paid through the plan.

16. The IRS has acknowledged that no post-petition interest was paid under the plan on the income taxes or trust fund taxes, but has alleged that such interest remains pending against the debtor after the discharge. (Fil. No. 131, ¶ 3).

## DISCHARGE PROCESS

17. The Trustee, at the completion of the payments, made her final report on May 23, 2016 (Fil. No. 105). No objection was filed by the IRS.

18. This case was closed without discharge on June 23, 2016 (Fil. No. 108) for lack of Final DSO.

19. The case was reopened for the purpose of filing the DSO and final discharge was granted on July 22, 2016 (Fil. No. 121).

20. No payments were made through the plan on any post-petition interest on both the taxes and the civil penalties.

21. The Order of Discharge contained the following language: "Some debts are not discharged." Included as an example of such non-discharged debts was the following language: "debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan."

## AFTER DISCHARGE

22. After the granting of the discharge, the debtors have received notices from the IRS to attempt to collect amounts owed (notices attached to the debtor's motion to show cause).

23. The IRS, post-discharge and without notice to the Bankruptcy Court, took actions to collect on what the IRS believed was unpaid, non-dischargeable debt for the interest on the taxes and civil penalties that were not paid under the plan.

24. The interest for the 2007 taxes and the trust fund recovery penalties for the fourth quarter 2008 and the second quarter 2010 were paid through the taking of the debtors' 2016 tax return overpayment (filed in 2017 post-bankruptcy).

25. The overpayment or refund for 2016 also paid part of the interest for the trust fund recovery penalty for the third quarter 2010. The balance of the third quarter 2010 trust fund penalties were paid from levies against the debtor's social security in the amount of $507.82 in 2018.

26. The interest for the 2008 income taxes was paid from a levy of $452.21 on November 17, 2016.

27. The total taken for the payment of interest the IRS claimed to be dischargeable [sic] was $1,715.94.

The following legal issues are not in dispute, according to the parties:

1. The debtors' 2007 and 2008 income taxes were priority (as they were filed after the bankruptcy petition). As such, the taxes would have been non-dischargeable under 11 U.S.C. § 1328(a)(2) and 11 U.S.C. § 523(a)(1)(B).

2. The 2008 and 2010 civil penalties were also priority taxes under 11 U.S.C. § 507(a)(8)(c). As such, the civil penalties would not have been dischargeable under 11 U.S.C. § 1328(a)(2) and 11 U.S.C. § 507(a)(8)(C).

3. Priority taxes must be paid by the Chapter 13 plan in order for the plan to be confirmed.

4. The debtors received a discharge.

The parties identify these issues to be decided:

1. Whether the unpaid post-petition interest on priority income taxes to which § 523(a)(1)(b) is applicable and trust fund taxes to which § 507(a)(8)(C) is applicable whose principal amounts were paid in full per the amount claimed in Claim No. 11-4 (exclusive of post-petition interest) under a confirmed plan can be collected by the IRS after discharge.

2. Whether the IRS actions in collecting the post-petition interest on priority claims that was not paid by the Trustee was lawful in this instance and not in contempt of the court's order of discharge even though no post-discharge motion to do so was filed by the IRS.

3. Whether, given the Trustee's motion to reconcile, the IRS Claim No. 11-4 controlled over the language of the confirmed plan.

The parties declined to file briefs in support of their positions, but the debtors essentially argue that the IRS is bound by the terms of the confirmed plan and discharge order and should be required to disgorge the funds seized post-discharge, as well as pay the debtors' attorney fees. The IRS relies on long-standing legal precedent in this circuit holding that post-petition interest and penalties on non-dischargeable federal and state taxes could be enforced against a debtor after a discharge had been entered. *Hanna v. United States (In re Hanna)*, 872 F.3d 829 (8th Cir. 1989).

In *Hanna*, the appellate court explained that, while "[p]ostpetition interest is disallowed against the bankruptcy estate under section 502 [and p]riority tax claims remain nondischargeable for individual debtors" under § 523, "Congress has determined that the problems of financing the government override granting debtors a wholly fresh start," and accordingly, post-petition interest and penalties are nondischargeable, and the debtors "remain personally liable for that interest subsequent to bankruptcy proceedings." *Id.* at 831.

*Hanna* involved a Chapter 7 debtor, but the reasoning has also been applied to Chapter 11 debtors (*In re JAS Enter., Inc.*, 143 B.R. 718 (Bankr. D. Neb. 1992)) and Chapter 13 debtors (*United States v. Chestnut (In re Chestnut)*, 2017 WL 10742587, Case No. 5:16-ap-7048 (Bankr. W.D. Ark. July 21, 2017)).

The debtors in this case have presented no legal argument distinguishing their case from *Hanna* or otherwise explaining why the legal principles of *Hanna* do not apply here. Therefore, their motion is denied.

IT IS ORDERED: The debtors' motion for order to show cause (Fil. No. 127) is denied.

DATED: September 10, 2019.

BY THE COURT:

/s/Thomas L. Saladino
Chief Judge

Notice given by the Court to:
   *Richard Register
   Douglas R. Semisch
   United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.